UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-91008-GAO

UNITED STATES OF AMERICA,
Petitioner,

v.

CARL THEODORE STOVALL, III,
*Reg. No. 21747-045*,
Respondent.

ORDER
December 13, 2013

O'TOOLE, D.J.

On November 10, 2011, the respondent, Carl Theodore Stovall, III, was committed to the

custody of the Attorney General, pursuant to Article 76b of the Uniform Code of Military Justice

and 18 U.S.C. § 4243. He was admitted to FMC Devens on December 1, 2011. The Court has

received a Risk Assessment Panel Report (dkt. no. 1), dated November 29, 2012, identifying that

the respondent has recovered from his mental illness to such an extent that his conditional release

under a prescribed regimen of care or treatment would no longer create a substantial risk of

bodily injury to another person or serious damage to the property of another. The latest Risk

Assessment Panel Report (dkt. no. 32), dated November 14, 2013, confirms that this remains

true.

The Warden has submitted a "Certification of Improved Mental Condition and Request

for Conditional Release from Hospitalization" pursuant to 18 U.S.C. § 4243(f), requesting

immediate discharge of the respondent from FMC Devens, as well as a conditional release plan.

The respondent received a copy of this plan, and it was discussed at the hearing on December 12,

2013. The respondent's counsel had the opportunity to raise objections to the conditions proposed by the Warden.

All parties agree that a conditional release under a prescribed regimen of care or treatment is appropriate. Therefore, it is ORDERED, pursuant to the provisions of 18 U.S.C. § 4243(f), that the respondent be conditionally released from hospitalization under the following conditions or regimen of care or treatment:

1.      Mr. Stovall will reside at a Residential Re-Entry Center placement deemed appropriate by his supervising United States Probation Officer. He is to be released to the Coolidge House, 307 Huntington Avenue, Boston, MA 02115, and is to reside there until an appropriate placement in Georgia is identified, but not longer than six months. Any changes in residence must be approved through his United States Probation Officer.

2.      Mr. Stovall will participate in mental health and substance abuse services deemed necessary by his probation officer and/or his treatment team through the VA Medical Center located in his releasing area and/or through other agencies approved by the United States Probation Office. Mr. Stovall will comply with treatment recommendations made by his probation officer or by the mental health professionals.

3.      Mr. Stovall will be monitored by mental health professionals and his probation officer for evidence of psychiatric difficulties and will continue to take medication, which may include injectable medications, as ordered and which may be adjusted by his clinicians.

4.      Mr. Stovall will consent to have a Representative Payee appointed for his Military Retirement and/or Social Security payments. If any changes in Representative Payee status are required, his probation officer should be notified.

5.      Upon the recommendation of the medical provider and/or his probation officer, Mr. Stovall will voluntarily admit himself into a hospital for treatment. If he refuses and his continued release would create a substantial risk of bodily injury to himself, another person, or serious damage to the property of another, he may be remanded to a suitable facility pursuant to 18 U.S.C. § 4243(f).

6.      Mr. Stovall will initially be supervised by the United States Probation Office in Boston, Massachusetts. When appropriate residential and treatment facilities have been identified in Georgia, his supervision will be transferred to the appropriate probation office in Georgia. In connection with his supervision, Mr. Stovall shall voluntarily consent to waive his rights to confidentiality regarding his mental health treatment in order to allow sharing of information with his supervising United States Probation Officer.

7.      Pursuant to Title 18, United States Code, Section 4247(e), annual reports shall be filed by the director of the facility in which he resides with the Court, with copies to the Assistant United States Attorney, Mr. Stovall's counsel, and the Warden of the Federal Medical Center Devens, Ayer, Massachusetts.

8.      Mr. Stovall will remain under the supervision of the United States Probation Office until he is discharged from all mental health treatment and/or his federal civil commitment. The primary treatment provider may be changed with the approval of the United States Probation Office or by further order of the Court.

9.      Mr. Stovall will not have in his possession at any time any actual or imitation firearm, destructive device, or other deadly weapon. He shall submit to a search without a warrant at the request of a probation officer or any law enforcement officer of his person, property including vehicle, or premises for the purpose of determining compliance with this condition.

10.     Mr. Stovall shall abstain from the use of alcohol, illegal narcotic substances, or drugs. He shall not frequent places where alcohol or illegal drugs are known to be the primary place of possession, manufacture, or distribution. If determined necessary by the probation office, he will participate in substance abuse treatment and be required to participate in random drug and breathalyzer testing.

11.     Mr. Stovall shall comply with the other standard conditions of release as proposed by the United States Probation Office and approved by the Court.

The respondent's failure to adhere to any of the conditions of his release may result in his being taken into custody and brought before this Court for review and possible revocation of his conditional release.

The Bureau of Prisons shall release the respondent from FMC Devens, consistent with the conditions and regimen of care or treatment set forth herein, after all release arrangements are satisfactory and complete.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

3