UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
Petitioner,

v.   CIVIL ACTION NO.13-91008-GAO

CARL THEODORE STOVALL, III,
*Reg. No. 21747-045*,
Respondent.

REPORT AND RECOMMENDATION ON PROPOSED
AMENDMENTS TO CONDITIONS OF RELEASE UNDER
18 U.S.C. § 4243(f)

September 17, 2015

KELLEY, U.S.M.J.

On December 13, 2013, the District Court, O'Toole, J., ordered that Mr. Stovall be released under a prescribed regimen of care pursuant to 18 U.S.C. § 4243(f). (Docket no. 40.) Mr. Stovall commenced his supervision in the District of Massachusetts on January 17, 2014.

On June 12, 2015, Jeffrey Smith, Senior U.S. Probation Officer, filed a request with the Court for the issuance of an arrest warrant, based on Mr. Stovall's involvement in an incident at a military base in Quantico, Virginia, which did not result in any new criminal charges, but did result in Mr. Stovall's being hospitalized

in a psychiatric hospital in Virginia. (Docket no. 45.) The warrant was issued and Mr. Stovall was brought to the District of Massachusetts to appear in court.

On September 4, 2015, the parties appeared before me to report that they were in agreement that Mr. Stovall should be released, and that they were attempting to find a placement in a Veterans' Administration ("VA") facility for Mr. Stovall. Mr. Stovall represented to the Court, and the parties did not disagree, that he was receiving appropriate medication, was stable, and understood that when a place was found for him, he would be released under conditions. The case was continued to September 16 so that the parties could report on the status of the matter.

On September 16, the government stated that it was not pursuing any allegation that Mr. Stovall had violated the terms of his release. The parties agreed that Mr. Stovall should be released under the conditions set out below. I recommend that the Court order that Mr. Stovall's conditions of release be amended to read as follows:

1. Mr. Stovall will be released to the custody of Thomas Palladino, a Social Worker with the VA, who will transport Mr. Stovall to a VA facility for a psychiatric evaluation. Mr. Stovall will participate in mental health and substance abuse services deemed necessary by his probation officer and/or his treatment team through the VA and other agencies approved by United States Probation. He will comply with treatment recommendations made by his probation officer and by mental health professionals.

2. Upon the recommendation of the medical provider and/or his probation officer, Mr. Stovall will voluntarily admit himself into a hospital for treatment. If he refuses and his continued release will create a substantial risk of bodily injury to himself, another person, or serious damage to the property of another, he

may be remanded to a suitable facility pursuant to 18 U.S. C. § 4243(f).

3. Mr. Stovall will be monitored by mental health professionals and his probation officer for evidence of psychiatric difficulties and will continue to take medication, which may include injectable medications, as ordered and which may be adjusted by his clinicians.

4. Mr. Stovall will initially be supervised by the United States Probation Office in Boston, Massachusetts. When appropriate residential and treatment facilities have been identified in Georgia, his supervision shall be transferred to the appropriate probation office in Georgia.  In connection with his supervision, Mr. Stovall shall voluntarily consent to waive his rights to confidentiality regarding his mental health treatment in order to allow sharing of information with his supervising United States Probation Officer.

5. Mr. Stovall will consent to have a Representative Payee appointed for his Military Retirement and/or Social Security payments. If any changes in Representative Payee status are required, his Probation Officer should be notified.

6. Pursuant to Title 18, U.S.C. § 4247(e), annual reports shall be filed by the director of the facility in which he resides with the Court, with copies to the Assistant United States Attorney, Mr. Stovall's counsel, and the Warden of the Federal Medical Center Devens, Ayer, Massachusetts.

7. Mr. Stovall will remain under the supervision of the United States Probation Office until he is discharged from all mental health treatment and/or his federal civil commitment. The primary treatment provider may be changed with the approval of the United States Probation Office or by further order of the Court.

8. Mr. Stovall will not have in his possession at any time any actual or imitation firearm, destructive device, or other deadly weapon. He shall submit to a search without a warrant at the request of a probation officer or any law enforcement officer of his person, property including a vehicle, or premises for the purpose of determining compliance with this condition.

9. Mr. Stovall shall abstain from the use of alcohol, illegal narcotic substances, or drugs not prescribed to him by a doctor. He shall not frequent places where alcohol or illegal drugs are known to be the primary place of possession, manufacture, or distribution. If determined necessary by the United States Probation Office, he will participate in substance abuse treatment and be required to participate in random drug and breathalyzer testing.

10. Mr. Stovall shall comply with the other standard conditions of release as proposed by the United States Probation Office and approved by the Court.

The respondent's failure to adhere to any of the conditions of his release may result in his being taken into custody and brought before this Court for review and possible revocation of his conditional release.

## Review by District Judge

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir.

1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

|  |  |
|---|---|
| | /s/ M. Page Kelley |
| | M. Page Kelley |
| September 17, 2015 | United States Magistrate Judge |